UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

FILED
01 MAY 21 PM 1:25
U.S. BANKRUPTCY COURT
GREENSBORO, N.C. BY ___

IN RE:                                      )
                                            )
CONVENIENCE USA, INC., et al.,              ) Case Nos. 01-81478 through 01-81489
                                            ) (Procedurally Consolidated)
            Debtors                         )

## DEBTORS' APPLICATION TO RETAIN AND
## EMPLOY HUTSON HUGHES & POWELL, P.A.
## AND NORTHEN BLUE, L.L.P. AS COUNSEL FOR THE DEBTORS

The above-captioned Debtors and Debtors-in-Possession (collectively the "Debtors") hereby move the Court for the entry of an order pursuant to §327 of the Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to retain and employ Hutson Hughes & Powell, P.A. and Northen Blue, L.L.P., and in support thereof respectfully represent as follows:

### JURISDICTION

1. On May 21, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of North Carolina.

2. This Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§151, 157, and 1334 and the Standing Order entered by the United States District Court for the Middle District of North Carolina, and this is a core proceeding within 28 U.S.C. §157(b)(2).

## THE DEBTORS' BUSINESS

3. The Debtor Convenience USA, Inc. ("Convenience USA") is a consolidator of convenience stores in the southeastern region of the United States and currently operates 236 convenience stores in Alabama, Florida, Georgia, and North Carolina. The stores are owned and operated through entities which are affiliates of Convenience USA and such entities are the remaining above-captioned Debtors. Except for the Debtor Nugget C-Marts, Inc., which is a wholly owned subsidiary of the Debtor Nugget Oil, Inc., each of the other affiliated entities is either owned 100% by Convenience USA or owned 99% by Convenience USA and 1% by a managing member "S" Corporation formed solely for that purpose.

4. The direct or indirect subsidiaries and affiliates of Convenience USA were each formed in connection with the acquisitions of existing chains of convenience stores from various third parties over a period of approximately two years, from March 5, 1998 through January, 2000. Each of the affiliated entities owns some or most, but not all, of the stores it operates as convenience stores and those not owned in fee are operated on leased premises. The stores generally sell gasoline, lottery tickets, money orders, food items, and other convenience merchandise.

## THE PROPOSED RETENTION

5. The Debtors wish to employ members of the law firms of Hutson Hughes & Powell, P.A., P. O. Drawer 2252-A, Durham, North Carolina 27702, (919) 683-1561, and of Northen Blue, L.L.P., P. O. Box 2208, Chapel Hill, North Carolina 27515-2208 (collectively referred to as "Counsel"), who are experienced in such matters, to represent the Debtors in the administration of these estates. The Debtors believe that proposed Counsel are competent to render such services and, to the best of their knowledge, are disinterested persons who do not hold or represent any

2

interest adverse to the Debtors or to the estates, and who are qualified for employment as counsel for the Debtors under §327 and §1107 of the Bankruptcy Code. Attached hereto are Counsel's affidavits to that effect.

6. Given the nature of this business and the extent of legal issues which will arise, it is necessary for the Debtors to employ two experienced firms, in addition to the firm of Kasowitz Benson Torres & Friedman LLP (Special Counsel), to handle various aspects of these cases without duplicating efforts.

7. The professional services Counsel are to offer include the following:

(a) To render the Debtors legal advice with respect to their duties and powers in this case;

(b) To assist the Debtors in the evaluation of their business, including the desirability of the continuance of such business, the ability and means by which some or all of its assets could be refinanced or liquidated to generate cash for the payment of such claims as may be allowed in this proceeding, and any other matter relevant to the case or to the formulation of a plan;

(c) To assist the Debtors in the preparation and filing of all necessary schedules, statements of financial affairs, reports, a disclosure statement, and a plan;

(d) To assist and advise the Debtors in their examination and analysis of the conduct of their affairs;

(e) To assist and advise the Debtors with regard to their communications to the general creditor body regarding any matters of general interest and any proposed plan of reorganization;

(f) To prepare, review or analyze all applications, orders, statements of operations, and reports filed with the Court by the Debtors or other third parties, advise the Debtors as to their propriety, and, after approval by the respective Debtor, consent to Orders on its behalf; and

(g) To perform such other legal services as may be required and in the interest of the Debtors, including, but not limited to, the commencement and pursuit

3

of such adversary proceedings as may be authorized, and the removal and pursuit of such civil actions as may be pending as of the petition date.

8. Counsel have agreed to represent the Debtors for such compensation as may be subsequently allowed and approved in accordance with the provisions of the Bankruptcy Code.

9. The Debtors have selected Counsel because they have substantial expertise and experience in bankruptcy practice and will provide the Debtors with effective and competent counsel with respect to the substantive and procedural aspects of these cases.

10. Counsel, together with Special Counsel, have discussed a division of responsibilities regarding their respective representation of the Debtors and believe they can manage and apportion the legal services required so as to minimize any duplication or unnecessary expense.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing them to employ such members of Hutson Hughes & Powell, P.A. and Northen Blue, L.L.P. as may be required to act as counsel to advise and represent the Debtors in this case, and for such further relief as may be just and proper.

This 20th day of May, 2001.

CONVENIENCE USA, INC., et al.,
Debtors-in-Possession

BY _____
Donald R. Draughon, Jr.
Chairman and Chief Executive Officer

4

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that the foregoing Application was served upon the Bankruptcy Administrator via hand delivery addressed as follows:

Michael D. West, Esq.
Office of the Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

       **THIS** the 21st day of May, 2001.

                                                            Richard M. Hutson, II

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
CONVENIENCE USA, INC., et al., ) Case Nos. 01-81478 through 01-81489
) (Procedurally Consolidated)
Debtors )

**AFFIDAVIT AND DECLARATION**

RICHARD M. HUTSON, II solemnly deposes and declares:

1. I am an attorney duly admitted to practice before all courts of the State of North Carolina, as well as this Court.

2. I am a member of the law firm of Hutson Hughes & Powell, P.A.

3. Neither I nor the members of the law firm of Hutson Hughes & Powell, P.A., hold any interest adverse to the above-entitled estates, and the members of this firm are disinterested persons as defined in 11 U.S.C. §101(14).

4. I declare under penalty of perjury that the foregoing is true and correct.

This the 20th day of May, 2001.

_____
Richard M. Hutson, II

Sworn to and subscribed
before me this 20th day
of May, 2001.

_____
Notary Public

My commission expires:

2/23/2005

00004966.WPD

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
CONVENIENCE USA, INC., et al., ) Case Nos. 01-_____ through 01-_____
) (Procedurally Consolidated)
Debtors )

## AFFIDAVIT AND DECLARATION

JOHN A. NORTHEN solemnly deposes and declares:

1. I am an attorney duly admitted to practice before all courts of the State of North Carolina, as well as this Court.

2. I am a member of the law firm of Northen Blue L.L.P.

3. Neither I nor the members of the law firm of Northen Blue L.L.P., hold any interest adverse to the above-entitled estates, and the members of this firm are disinterested persons as defined in 11 U.S.C. §101(14).

4. I declare under penalty of perjury that the foregoing is true and correct.

This the 20th day of May, 2001.

_____
John A. Northen

Sworn to and subscribed
before me this 20th day
of May, 2001.

_____
Notary Public

My commission expires:
2/23/2005

00004966.WPD